**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**JUN 10 2005**

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES HONEYCUTT,　　　　　*
　　　　　　　　　　　　　　*
　　　　　Plaintiff　　　　 *
　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　*　　　Case No. 5:04CV00020GH/JFF
　　　　　　　　　　　　　　*
JACKS, *et al.,*　　　　　　*
　　　　　　　　　　　　　　*
　　　　　Defendants　　　　*

## RECOMMENDED DISPOSITION

Plaintiff Honeycutt, an Arkansas Department of Correction ("ADC") inmate, filed this

action *pro se* pursuant to 42 U.S.C. Section 1983. He alleges that he has been diagnosed with a

hernia that he received from lifting a sewing machine in April 2002, while working in the ADC

Cummins Unit garment factory. He further alleges that although the condition is causing him

great pain and is worsening, he has been refused medical treatment. He alleges that he has been

told that nothing will be done to treat the hernia unless it ruptures because it is not life

threatening. He named as Defendants various officials associated with the Cummins Unit, the

Jefferson County Jail, where he was transferred in July 2003,[1] and Correctional Medical Services

("CMS").

On May 13, 2004, the Court ordered Plaintiff to demonstrate exhaustion of his

administrative remedies on his claims against all of the Defendants (docket entry #7), and

Plaintiff responded (docket entry #8-1). Plaintiff implicitly conceded that he failed to exhaust his

administrative remedies with regard his claims against the Jefferson County Defendants by

stating his willingness to withdraw his claims against Defendants Olumofin, Boone, and Harris.

---

[1]Plaintiff is now confined at the Tucker Unit.

30

Plaintiff was allowed to dismiss those Defendants from the action.[2] *See Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir. 2003) (holding that lower court erred in dismissing the entire complaint rather than allowing the inmate to drop the unexhausted claim). However, Plaintiff contended that he had exhausted his claims as to the Cummins Unit Defendants because the Deputy Director had failed to respond to his grievance appeal. The Court directed service of process on the remaining Defendants noting that unresolved issues could be outstanding on the exhaustion issue.

Pending before the Court is the Motion to Dismiss filed by the Arkansas Department of Correction Defendants (docket entry #18) and a Motion to Dismiss filed by the Correctional Medical Services Defendants (docket entry #27). In the Motions, the Defendants contend that Plaintiff has failed to show that he exhausted his administrative remedies, and that his action must be dismissed under 42 U.S.C. Section 1997e. At the direction of the Court, Plaintiff responded (docket entry #22) to the Arkansas Department of Correction Defendants' Motion, but

---

[2] Plaintiff was transferred from the Cummins Unit to the Jefferson County Jail in July 2003. The Arkansas Department of Correction Inmate Grievance Procedure policy in effect at the time was Administrative Directive 97-08. With regard to his claim against the Jefferson County Jail Defendants, he submitted grievance JC04-0009 dated January 2, 2004, stating that he had been diagnosed with a hernia by Nurse Hubbard, and was later told by Nurse Collins that nothing would be done unless it ruptured. Plaintiff did not provide a Deputy Director's decision on the grievance, although he did submit a January 8, 2003 appeal from a Warden's decision dated January 6, 2003. However, Plaintiff did not demonstrate that he received a decision from the infirmary before attempting to appeal to the Deputy Director. He also submitted grievance JC03-1090, and a January 10, 2004 appeal from a December 29, 2003 Warden's decision. But again, he did not show that he received an infirmary decision before appealing to the Deputy Director nor did he show that he received a decision from the Deputy Director. Under ADC's grievance policy, the Court thought it unlikely that Plaintiff had received an infirmary response before he filed his appeal on these grievances to the Deputy Director. Moreover, it further seemed implausible to the Court that these grievances would have been responded to by the Deputy Director before the January 12, 2004 filing date for this action. Plaintiff requested to drop the individuals associated with the Jefferson County Jail as Defendants (docket entry #8). Thus, these grievances are not at issue, and the Court must focus on the Cummins Unit grievance to determine whether he has exhausted his claims against the remaining Defendants.

he did not file a separate response to the Motion filed by the Correctional Medical Services Defendants.

The Arkansas Department of Correction Defendants point to grievance CU03-4293 arguing that Plaintiff failed to comply with the Department's grievance procedure. They state that despite that Plaintiff was informed that he had 10 working days to appeal the Warden's decision on the grievance, the appeal was submitted one month after the Warden's decision. Because of the Plaintiff's delay, they contend that the appeal was not considered on its merits. Moreover, they contend that Plaintiff failed to put the Defendants on notice of each of his claims in CU03-4293.

In his response, Plaintiff points to grievance CU03-4293 dated July 23, 2003. Plaintiff received a response to this grievance from the infirmary in August 2003, and he appealed to the Deputy Director, who he asserts failed to provide him with a final decision within the time allowed under the Arkansas Department of Correction grievance policy. He does not directly respond to the Arkansas Department of Correction Defendants' arguments.

The Correctional Medical Services Defendants incorporate by reference the Motion filed by the Arkansas Department of Correction Defendants. Further, they contend that Plaintiff did not show that he exhausted his 2002 claims against Defendant Hubbard nor did he show exhaustion of the 2003 grievance concerning Defendant Collins. Accordingly, they contend that the entire action must be dismissed. The Complaint alleges that Plaintiff was diagnosed with a hernia by Nurse Hubbard in 2002, and that he saw Nurse Collins in 2003 who confirmed the hernia had grown in size. At each visit, Plaintiff alleges that the nurses gave him Tylenol for an allotted period of time in response to his complaints of pain, but told him nothing further would be done to treat the condition unless the hernia ruptured.

The problem with the ADC Defendants' argument concerning Plaintiff's failure to

3

comply with the grievance process is that they have not provided the Court with a copy of the Deputy Director's decision on the grievance that they contend shows that the grievance was not considered on the merits because the appeal was untimely.[3] Aside from this point, the infirmary did not respond to the grievance upon referral from the Warden until August 18, 2003,[4] which would appear to make Plaintiff's August 25, 2003 appeal to the Deputy Director timely. The Defendants have not met their burden, and thus, their argument is unavailing. *Nerness v. Johnson*, 401 F.3d 874 (8th Cir. 2005) (exhaustion requirement is an affirmative defense).

Addressing the final argument raised by the Arkansas Department of Correction Defendants that the entire case should be dismissed because Plaintiff did not name or reference each claim against each ADC Defendant in the body of a grievance, and the argument raised by the Correctional Medical Services Defendants that Plaintiff failed to exhaust his 2002 claim against Nurse Hubbard and his 2003 claim against Nurse Collins, the Court turns to the substance of Grievance CU03-4293 that states that Plaintiff's

> "Hernia was diagnosed months ago, occurred while at work lifting sewing machine, went . . . sick call 7-22-03 saw Nurse Collins she refused to treat me for the pain. My right side is swollen and is sticking out and is causing groin and side pain."

---

[3]Because of the frequency of the Court's involvement with inmate lawsuits involving the Arkansas Department of Correction, the Court is aware that if a grievance or a grievance appeal is untimely at any level, the official will often issue a decision declining to address the inmate's complaint on its merits because of the inmate's failure to comply with the time limits set forth in the grievance policy. In this case, no such proof has been set forth by the defense.

[4]Although Plaintiff has asserted that he did not receive the infirmary response until September, the Court believes that this does not have any real bearing on the issue. The Court does note that it appears that a situation could arise where the inmate backdates his appeal on a response he receives from the infirmary or the Warden, and alleges that he sent the appeal in timely but never received a response on the appeal, when actually the appeal was never in fact submitted. No such suggestion has been made here by the Defendants, and in fact, the ADC Defendants suggest the appeal was received through the statement made by counsel that the Deputy Director declined to address it on the merits.

Although the grievance does not mention each Defendant, it does state that he was diagnosed months ago, and makes reference to the lack of treatment Plaintiff has been given for his condition. In the Complaint, Plaintiff alleges that Defendants Lay, Mobley and Norris were aware of the grievance through his appeal and through letters he sent, and that the infirmary was aware of his complaints given that they provided the response to his grievance. The Court believes that this grievance that addresses the lack of care for his hernia condition, for which he asserts he never received a Deputy Director's response on his grievance appeal, is sufficient for purposes of the exhaustion requirement. *McAlphin v. Toney*, 375 F.3d 753 (8th Cir. 2004); *Boyd v. Knox*, 47 F.3d 966 (8th Cir. 1995); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001).

IT IS THEREFORE RECOMMENDED that the Motion to Dismiss filed by the Arkansas Department of Correction Defendants (docket entry #18) and the Motion to Dismiss filed by the Correctional Medical Services Defendants (docket entry #27) be DENIED.

DATED this 10th day of June, 2005.

MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

5



# United States District Court

EASTERN DISTRICT OF ARKANSAS
U.S. COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 553
LITTLE ROCK, ARKANSAS 72201-3325

(501) 604-5190
FAX (501) 604-5378

JOHN F. FORSTER, JR.
UNITED STATES
MAGISTRATE JUDGE

June 10, 2005

Ms. Christine Ann Cryer
Attorney General's Office
323 Center St., Suite 200
Little Rock, AR 72201

Ms. Michelle Banks Odum
Humphries & Lewis
P. O. Box 20670
White Hall, AR 71612

RE: <u>Honeycutt v. Jacks, et al</u>.
Case No. 5:04CV00020 GH/JFF

Dear Mses. Cryer & Odum:

Attached is the partial recommended disposition of this case,
which has been prepared by this office and submitted to United
States District Judge George Howard, Jr.

Any party may serve and file written objections to this
recommendation. Objections should be specific and should include
the factual or legal basis for the objection. An original and one
copy of your objections must be received by the United States
District Court Clerk no later than eleven (11) days from the date
of this letter. The copy will be furnished to the opposing party.
Failure to file timely objections may result in wavier of the
rights to appeal questions of fact.

If you are objecting to the recommendation and also desire to
submit new, different, or additional evidence, and to have a
hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the
following:

1. Why the record made before the Magistrate Judge is
inadequate.

2. Why the evidence to be proffered at the hearing before
the District Judge (if such a hearing is granted) was not
offered at the hearing, if any, before the Magistrate Judge.

Ms. Christine Ann Cryer
Ms. Michelle Banks Odum
June 10, 2005
Page 2
------------------------

    3.    The details of any testimony desired to be introduced at
the hearing before the District Judge in the form of an offer of
proof, and a copy, or the original, of any documentary or other
non-testimonial evidence desired to be introduced at the hearing
before the District Judge.

    From this submission, the District Judge will determine the
necessity for an additional evidentiary hearing, either before the
Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:

              Clerk, United States District Court
              Eastern District of Arkansas
              600 West Capitol, Suite 402
              Little Rock, AR    72201

                        Sincerely,

                        /s/ JOHN F. FORSTER, JR.

                        John F. Forster, Jr
                        United States
                        Magistrate Judge

JFFjr:pq
Enclosure

cc: The Honorable George Howard, Jr., United States District
    Judge
    James Honeycutt
    File